15-1137-cv(L)
Narragansett Elec. Co. v. Century Indem. Co.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand sixteen.

PRESENT:   ROSEMARY S. POOLER,
                    RAYMOND J. LOHIER, JR.,
                    SUSAN L. CARNEY,
                           *Circuit Judges.*

-----------------------------------------------------------------------

The Narragansett Electric Company,

                                *Plaintiff-Appellee-*
                                *Cross-Appellant*,

                    v.                                              Nos. 15-1137 -cv(L),
                                                                         15-1397-cv(XAP)

Century Indemnity Company,

                                *Defendant-Appellant-*
                                *Cross-Appellee*.*

--------------------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the case caption as set forth above.

1

FOR PLAINTIFF-APPELLEE-
CROSS-APPELLANT:   JAY T. SMITH, Covington & Burling LLP, Washington, DC.

FOR DEFENDANT-APPELLANT-
CROSS-APPELLEE:   JONATHAN D. HACKER (Bradley N. Garcia, *on the brief*), O'Melveny & Myers LLP, Washington, DC; David Chaffin, Thomas M. Going, White and Williams LLP, Boston, MA and Philadelphia, PA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is REVERSED.

Century Indemnity Company ("Century"), an insurer, appeals from a March 31, 2015 judgment of the District Court (Schofield, J.) holding that Century had a duty to defend its insured, The Narragansett Electric Company ("the NEC"), in an environmental lawsuit brought by the Commonwealth of Massachusetts. The NEC cross-appeals the District Court's calculation of damages. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to reverse.

In 1987 the Commonwealth sued the NEC's predecessor (to which we also refer as "the NEC") to recover cleanup costs the Commonwealth had incurred while addressing environmental damage caused by the NEC's disposal of waste materials at

2

the Mendon Road site over a period of about fifty years. Century refused the NEC's request that it defend the NEC in the litigation under a commercial general liability insurance policy ("the policy"). The NEC thereafter defended itself in the action before settling the claims in 2006. In November 2011 the NEC sued Century primarily under Massachusetts law for reimbursement of its defense costs.

To determine whether Century had a duty to defend the NEC under Massachusetts law, we consider whether "the summary judgment record alleges a liability arising on the face of the complaint and policy." Liberty Mut. Ins. Co. v. SCA Servs., Inc., 588 N.E.2d 1346, 1351 (Mass. 1992) (quotation marks omitted). The NEC recognizes that damage arising from its contractually arranged disposal of waste at the Mendon Road site is not covered by the policy. NEC's Br. 15, 21-23. Relying primarily on the Massachusetts Supreme Judicial Court's holding in Nashua Corp. v. First State Insurance Co., 648 N.E.2d 1272, 1275-76 (Mass. 1995), the NEC nonetheless argues that the Commonwealth's complaint adequately describes a "sudden and accidental" release of pollutants that might be covered by the policy. In particular, it points to the complaint's allegation that in 1984 "Maurice C. Brunelle uncovered blue sludge that was contaminated with chemical substances [from NEC's waste]. . . . [and thereby] caused hazardous chemicals to be released to the environment." Joint App'x 86. We disagree.

This case is distinguishable from Nashua, where the potential "sudden and accidental" releases involved a tank seal that burst at one site, releasing 2,000 gallons of a pollutant, and a fire and subsequent explosion at another site that released pollutants. See 648 N.E.2d at 1276. The Commonwealth's complaint, by contrast, "cannot reasonably be read" to describe a "sudden and accidental" release of pollutants separate from the NEC's intentional release of pollutants into the environment over the course of decades. See Liberty Mut. Ins. Co., 588 N.E.2d at 1350. Reading the complaint as a whole, any property damage alleged in this case plainly arose out of the NEC's intentional disposal of wastes on the Mendon Road site. Because the release of pollutants into the environment was not "sudden and accidental," the Commonwealth's complaint does not trigger Century's duty to defend.

In light of our conclusion that Century had no duty to defend the NEC in this case, we do not address the additional arguments made by the parties. The judgment of the District Court is REVERSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court